**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

600 L HOTEL, LLC,
a Michigan limited liability company
d/b/a Cambria Hotel Detroit Downtown,

     Plaintiff,

v.                         Case No. _____

FORK N' FILM LLC,            Hon. _____
a California limited liability company,

     Defendant.
_____/

## COMPLAINT

Plaintiff 600 L Hotel, LLC, d/b/a Cambria Hotel Detroit Downtown ("Plaintiff" or "600 L Hotel"), complains as follows against Defendant Fork n' Film LLC ("Defendant" or "Fork n' Film"):

### NATURE OF THE ACTION

1. This action arises from Defendant's breaches of a written Agreement for Services under which Plaintiff agreed to host and provide venue-related services for Defendant's ticketed dining-and-film events at the Cambria® Hotel Detroit Downtown in Detroit, Michigan.

2.      Under the parties' written agreement, Defendant agreed and was obligated to market and sell tickets for events and to remit payments to Plaintiff in accordance with the agreed compensation structure.

3.      Plaintiff performed its contractual obligations, including making its venue, facilities, staff, food and beverage services, operational support, and related accommodations available for the events.

4.      Defendant materially breached the parties' written agreement by failing to remit ticket revenues and other amounts due and owing to Plaintiff for events conducted under the parties' written agreement.

5.      Despite demands, Defendant has failed and refused to pay the amounts owed to Plaintiff.

## THE PARTIES

6.      Plaintiff 600 L Hotel, LLC is a limited liability company organized and existing under the laws of the State of Michigan, with its principal place of business at 600 W. Lafayette Blvd., Detroit, Michigan 48226.

7.      Plaintiff's members all reside in and are citizens of the State of Michigan.  For purposes of diversity jurisdiction, Plaintiff is a citizen of the State of Michigan.

4912-5725-3296_1

8.     Defendant Fork n' Film LLC is a limited liability company organized and existing under the laws of the State of California, with its principal place of business at 151 S. Olive St., #3702, Los Angeles, California 90012.

9.     Upon information and belief, Defendant's members are citizens of the State of California.  For purposes of diversity jurisdiction, Plaintiff is a citizen of the State of California.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 as there is in excess of Seventy-Five Thousand Dollars ($75,000.00) in controversy, exclusive of interest, costs and attorney fees, and there is complete diversity of citizenship among the parties.

11.     The amount in controversy exceeds $75,000 because Defendant owes Plaintiff at least the amount of $186,733.15 in unpaid contractual amounts, exclusive of attorneys' fees, costs, and interest.

12.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, including the performance of the parties' written agreement in Detroit, Michigan. Venue is also proper in this District because the parties contractually consented to the exclusive jurisdiction and venue of the federal courts located in the Eastern District of Michigan.

4912-5725-3296_1

13.     Intradistrict assignment to the Southern Division is proper because the events giving rise to this action occurred in Detroit, Wayne County, Michigan.

## FACTUAL ALLEGATIONS

14.     Plaintiff owns and operates the Cambria® hotel in downtown Detroit, Michigan.

15.     On or about July 22, 2025, Plaintiff and Defendant entered into a written Agreement for Services (the "Agreement"). See **Exhibit 1.**

16.     Under the Agreement, Plaintiff was identified as the "Partner Venue," and Defendant was identified as the "Producer."

17.     The Agreement provided for Defendant to curate, market, and produce ticketed food-and-film events at Plaintiff's hotel in Detroit, Michigan.

18.     The Agreement provides that the events would occur on select Fridays, Saturdays, and Sundays beginning in August 2025, as mutually agreed by the parties.

19.     The Agreement further provided that, on each event date, Defendant could produce up to two events.

20.     Under Exhibit A to the Agreement, Plaintiff agreed to provide substantial venue-related services in connection with the events, including but not limited to beverage ordering and procurement, food ordering and procurement, food preparation and plating, front-of-house and back-of-house staffing, cleaning and

4

4912-5725-3296_1

dishwashing, storage, parking and room accommodations, AV setup, and an on-site manager.

21.     Under Exhibit A, Defendant agreed to provide producer-related services, including menu and recipe creation, movie selection and licensing, marketing and ticket sales, guest-count determination, event instructions, and specialty décor and themed items.

22.     The Agreement required Plaintiff to provide its services in connection with the events, and Plaintiff did so.

23.     Plaintiff fully performed, satisfied, and discharged its material obligations under the Agreement.

24.     Under Exhibit B to the Agreement, Defendant was required to pay Plaintiff "on or before the 15th day of each month" an amount equal to "$100.00 per ticketed guest per Event for all Events that occurred during the preceding month," inclusive of space rental, food, bar, and venue services.

25.     Defendant marketed and sold tickets for events conducted under the Agreement and received ticket-sale revenue and related proceeds.

26.     In connection with events conducted at Plaintiff's hotel, Defendant became obligated to remit amounts due to Plaintiff under the Agreement, including amounts calculated on a per-ticketed-guest basis and other amounts due under the parties' Agreement.

5

4912-5725-3296_1

27.     Plaintiff performed and made its venue and services available for the contracted events, and Defendant received the benefit of Plaintiff's performance.

28.     Defendant, however, failed to remit all sums due and owing to Plaintiff as required under the Agreement.

29.     Defendant's failures to pay Plaintiff the amounts due under the Agreement constitute material breaches of the Agreement.

30.     Plaintiff demanded payment from Defendant, but Defendant failed and refused to cure its defaults.

31.     Defendant has failed and refused to remit ticket revenues rightfully earned by Plaintiff and other amounts due under the Agreement. The amount owed is at least $186,733.15.

32.     As a direct and proximate result of Defendant's misconduct, Plaintiff has suffered damages in an amount to be proven at trial, but not less than $186,733.15, plus continuing damages, interest, costs, and attorneys' fees.

4912-5725-3296_1

## COUNT I - BREACH OF CONTRACT

33.     Plaintiff incorporates by reference all of the allegations in the foregoing paragraphs as if fully set forth herein.

34.     The Agreement is a valid, binding, and enforceable contract between Plaintiff and Defendant.

35.     Plaintiff performed its obligations under the Agreement, or its performance was excused.

36.     Defendant was obligated under the Agreement to pay Plaintiff amounts due for events conducted under the Agreement, including payments on or before the 15th day of each month in the amounts specified by Exhibit B.

37.     Defendant materially breached the Agreement by, among other things, failing to remit ticket-related revenue and other amounts due and owing to Plaintiff.

38.     Defendant's breaches were not justified or excused.

39.     As a direct and proximate result of Defendant's breaches, Plaintiff has suffered damages in an amount no less than $186,733.15, plus additional amounts proven at trial, pre- and post-judgment interest, costs, and attorneys' fees as allowed under the Agreement and applicable law.

4912-5725-3296_1

## COUNT II
## UNJUST ENRICHMENT
## (IN THE ALTERNATIVE)

40.     In the alternative to its contract claim, Plaintiff conferred substantial benefits upon Defendant by providing venue access, staffing, food and beverage support, AV and operational services, accommodations, and other event-related services in connection with Defendant's events.

41.     Defendant knowingly accepted and retained the benefits conferred by Plaintiff.

42.     It would be inequitable and unjust for Defendant to retain those benefits without paying Plaintiff for them.

43.     As a result, Defendant has been unjustly enriched at Plaintiff's expense in an amount to be determined at trial, but not less than $186,733.15.

44.     Plaintiff is entitled to restitution, disgorgement, and/or an award of damages in the amount of the benefit unjustly retained by Defendant.

45.     As a direct and proximate result of Defendant's misconduct, Plaintiff has suffered damages in an amount no less than $186,733.15, plus additional amounts proven at trial, pre- and post-judgment interest, costs, and attorneys' fees as allowed under the Agreement and applicable law.

4912-5725-3296_1

## COUNT III
## STATUTORY CONVERSION
### (MCL 600.2919a)

46. Defendant marketed and sold tickets for events conducted at Plaintiff's hotel and Defendant received, controlled, possessed, and maintained custody over the ticket-sale proceeds generated from those events.

47. Those ticket-sale proceeds were specific, identifiable monies generated from the sale of tickets for particular events conducted at Plaintiff's hotel and from which Defendant was required to calculate, account for, and remit Plaintiff's earned share on a per-ticketed-guest basis.

48. Defendant had no right to treat Plaintiff's share of those ticket-sale proceeds as Defendant's own unrestricted property. Rather, once tickets were sold and the events occurred, Plaintiff had immediate rights to payment and possession of the portion of the identifiable ticket-sale proceeds attributable to Plaintiff's earned compensation for those Events.

49. Defendant knew that Plaintiff had superior rights to those specifically identifiable proceeds, or to the portion thereof required to be remitted to Plaintiff, because Defendant alone controlled the ticketing, guest counts, and receipt of the funds and Defendant was expressly obligated to account for and pay Plaintiff based upon those ticket sales and ticketed guests.

9

4912-5725-3296_1

50.     Despite that knowledge, Defendant wrongfully exercised dominion and control over Plaintiff's identifiable shares of the ticket-sale proceeds by retaining those monies, refusing to remit them after demand, and using or applying them for Defendant's own purposes and benefit.

51.     Defendant diverted, transferred, spent, concealed, commingled, or otherwise used Plaintiff's shares of the ticket-sale proceeds to support Defendant's operations, satisfy Defendant's obligations, preserve Defendant's liquidity, or otherwise advance Defendant's own interests rather than remitting those monies to Plaintiff as required.

52.     By knowingly retaining and employing Plaintiff's identifiable shares of the ticket-sale proceeds for Defendant's own purposes, Defendant converted property to its own uses within the meaning of MCL 600.2919a.

53.     As a direct and proximate result of Defendant's statutory conversion, Plaintiff has suffered actual damages of not less than $186,733.15, plus additional amounts to be determined through discovery and proven at trial.

54.     Pursuant to MCL 600.2919a, Plaintiff is entitled to recover three times the amount of its actual damages, together with costs, reasonable attorneys' fees, interest, and all other relief permitted by law.

10

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

A.    Award Plaintiff damages in an amount to be proven at trial, but not less than $186,733.15;

B.    For treble damages as authorized by MCL 600.2919a;

C.    Award restitution and/or disgorgement on Plaintiff's unjust enrichment claim, in the alternative;

D.    Award pre-judgment and post-judgment interest as allowed by law and contract;

E.    Award Plaintiff its reasonable attorneys' fees, expenses, collection costs, and taxable costs as permitted by the Agreement and applicable law;

F.    Award such other and further legal or equitable relief as the Court deems just and proper.

Respectfully submitted,

**BODMAN PLC**

By: /s/ *Stephen P. Dunn*
    Stephen P. Dunn (P68711)
    Donovan S. Asmar (P77951)
    201 West Big Beaver R, Suite 500
    Troy, MI 48084
    (248) 743-6000
    sdunn@bodmanlaw.com
    dasmar@bodmanlaw.com
    *Attorneys for Plaintiff*

June 2, 2026

4912-5725-3296_1