**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

600 L Hotel, LLC,

Plaintiff,

v.

Fork N' Film LLC,

Defendant.

Case No. 26-11806

Judith E. Levy
United States District Judge

Mag. Judge Elizabeth A. Stafford

________________________________/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS [9]**

Before the Court is Plaintiff's motion for partial judgment on the pleadings. (ECF No. 9.)

On June 2, 2026, Plaintiff 600 L Hotel, LLC, which owns Cambria Hotel Detroit Downtown, filed suit against Defendant Fork N' Film LLC. (ECF No. 1.) Plaintiff alleges that (1) Defendant materially breached the parties' written contract; (2) in the alternative, Defendant was unjustly enriched; and (3) Defendant engaged in statutory conversion of Plaintiff's property. (*Id.*) Defendant answered the complaint on July 24, 2026. (ECF No. 3.) Plaintiff moved for partial judgment on the pleadings on

September 2, 2026, on its breach of contract claim or, in the alternative, on its unjust enrichment claim. (ECF No. 9.) Plaintiff asks the Court to award a money judgment, prejudgment interest, post-judgment interest, and reasonable attorney fees, costs, and expenses. (*Id.* at PageID.78.) Defendant has not responded to Plaintiff's motion. On September 24, 2026, the Parties stipulated to an order granting the withdrawal of Defendant's counsel from this case. (ECF No. 11.) The Court ordered Defendant to obtain new counsel by October 24, 2026. (*Id.* at PageID.81.) Defendant failed to do so.

For the reasons set forth below, Plaintiff's motion for partial judgment on the pleadings is granted in part.

## I. Background

On July 22, 2025, Plaintiff entered into a written Agreement for services (the "Agreement") with Defendant in which Plaintiff was identified as the "Partner Venue" and Defendant was identified as the "Producer." (ECF No. 1, PageID.4; ECF No. 1-2.) Under the Agreement, Defendant would curate, market, and produce ticketed food-and-film events at Plaintiff's hotel in Detroit, Michigan on select Fridays,

Saturday, and Sundays beginning in August 2025, as mutually agreed upon by the parties. (ECF No. 1, PageID.4.)

Exhibit A to the Agreement[1] provided that Plaintiff would furnish services for the events including but not limited to beverage and food ordering and procurement, food preparation and plating, front-of-house and back-of-house staffing, cleaning, and an on-site manager. (*Id.*; ECF No. 1-2, PageID.22–24.) Exhibit A further provided that Defendant would furnish services for the events including but not limited to the creation of menus and recipes, movie selection, movie licensing, marketing and selling tickets for each event, providing décor and other themed items for each event, and instructing Plaintiff on preparation and production of the events. (ECF No. 1, PageID.5; ECF No. 1-2, PageID.24.) Exhibit B to the agreement provided that Defendant was required to pay Plaintiff "on or before the 15th day of each month" an amount equal to "'$100.00 per ticketed guest per Event for all Events that occurred during the preceding month,' inclusive of space rental, food, bar, and venue services." (ECF No. 1, PageID.5; ECF No. 1-2, PageID.25.)

[1] Exhibits A and B are incorporated by reference into the Agreement. (ECF No. 1-2, PageID.14.)

Plaintiff alleges that it "fully performed, satisfied, and discharged its material obligations under the agreement," and therefore that Defendant "became obliged to remit amounts due to Plaintiff under the Agreement." (ECF No. 1, PageID.5.) Plaintiff further alleges that "Defendant . . . failed to remit all sums due and owing to Plaintiff as required under the Agreement," and that "Defendant's failures to pay Plaintiff the amounts due under the Agreement constitute material breaches of the Agreement." (*Id.* at PageID.6.) Defendant admits each of these allegations. (ECF No. 3, PageID.33–34.) Defendant also admits that Plaintiff demanded payment, that it owes Plaintiff $186,733.15, and that it failed to remit those payments, but denies that it "refused to cure its defaults" or "refused to remit ticket revenues rightfully earned by Plaintiff and other amounts due under the Agreement." (*Id.* at PageID.35.)

In short, Defendant admits to the existence of a contract, that it materially breached the contract by failing to pay Plaintiff, and that its breaches were "not justified or excused." (*Id.* at PageID.36.)

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is assessed "using the same standard that applies to a review of a motion to dismiss under Rule 12(b)(6)." *Moderwell v. Cuyahoga Cnty.*, 997 F.3d 653, 659 (6th Cir. 2021) (quotation omitted). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Jackson v. Pro. Radiology Inc.*, 864 F.3d 463, 466 (6th Cir. 2017) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). "A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Id.* (quoting *Paskvan v. City of Cleveland Civ. Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

## III. Analysis

Plaintiff seeks partial judgment on the pleadings for its breach of contract claim, or, in the alternative, on its unjust enrichment claim.

(ECF No. 9, PageID.67.) Plaintiff seeks attorney fees and other damages. (*Id.* at PageID.78.)

Federal Rule of Civil Procedure 10(c) states, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." The "pleadings" include both complaints and answers. Fed. R. Civ. P. 7(a). It is undisputed that a copy of the Agreement, Exhibit A, and Exhibit B is attached to Plaintiff's complaint. (*See* ECF No. 1-2.) Plaintiff's complaint references the Agreement, Exhibit A, and Exhibit B (ECF No. 1), and Defendant admitted to various allegations regarding the Agreement, Exhibit A, and Exhibit B. (*See generally* ECF No. 3.)

As such, the Court may consider the Agreement, Exhibit A, and Exhibit B during its consideration of Plaintiff's motion for partial judgment on the pleadings, because the Agreement, Exhibit A, and Exhibit B are integral to the motion.

### A. Choice of Law

As an initial matter, the Court must determine what law governs the merits of this dispute. In diversity actions, courts use state law to determine the meaning and validity of contract agreements. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535,

541 (6th Cir. 2007). "When interpreting contracts in a diversity action, we generally enforce the parties' contractual choice of forum and governing law." *Id.*

The Court has diversity jurisdiction over this case. (ECF No. 1, PageID.3.) Pursuant to the terms of the Agreement, the dispute is governed by the laws of Michigan. (ECF No. 1-2, PageID.19 ("This Agreement will be governed by and construed in accordance with the laws of the State of Michigan, without regard to the principles of conflicts of law.").) None of the parties dispute that Michigan law governs the Agreement. As such, the Court will use Michigan law to interpret the Agreement.

**B. Breach of Contract**

Plaintiff argues that Defendant breached the Agreement. (ECF No. 9, PageID.72.) Under Michigan law, "[a] party asserting a breach of contract must establish by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach." *Miller-Davis Co. v. Ahrens Const., Inc.*, 495 Mich. 161, 178 (2014) (citing *Stevenson v. Bhd. Mut. Benefit*, 312 Mich. 81, 90–91 (1945)).

First, it is undisputed that the Parties entered a contract: the Agreement. (ECF No. 1, PageID.4 (Plaintiff alleging that the Parties entered into a written Agreement); ECF No. 1-2 (Agreement); ECF No. 3, PageID.32 (Defendant admitting that the Parties entered into the Agreement).) Second, it is undisputed that Plaintiff performed under the Agreement. (ECF No. 3, PageID.35.) Third, it is undisputed that Defendant materially breached the Parties' Agreement by "failing to remit ticket revenues and other amounts due and owing to Plaintiff for events conducted under the parties' written agreement." (ECF No. 3, PageID.29, 34–35.) Defendant even admits that its breaches were "not justified or excused." (*Id.*) Fourth, it is undisputed that Plaintiff suffered damages as a result of Defendant's breach. (*Id.*, PageID.31, 36–38.) There is, therefore, no dispute that every element of Plaintiff's breach-of-contract claim has been met.[2] No material issue of fact exists; Plaintiff is entitled to judgment as a matter of law. *See Jackson*, 864 F.3d at 466.

Accordingly, Plaintiff's motion for partial judgment on the pleadings on its breach-of-contract claim is granted.

---

[2] The Court has reviewed Defendant's sixteen affirmative defenses. (*See* ECF No. 3, PageID.43–45.) None of them change the Court's analysis.

### C. Unjust Enrichment

In the alternative, Plaintiff seeks partial judgment on the pleadings on its unjust enrichment claim. (ECF No. 9, PageID.61, 67, 73–74, 78.)

> Under Michigan law, to plead a claim of unjust enrichment, a plaintiff must establish that a defendant has received and retained a benefit from the plaintiff and inequity has resulted. . . . Michigan courts will then imply a contract to prevent unjust enrichment. However, courts will not *imply* a contract where there is an *express* contract governing the same subject matter.

*Bowlers' Alley, Inc. v. Cincinatti Ins. Co.*, 32 F. Supp. 3d 824, 833 (E.D. Mich. 2014) (emphasis in original) (citing *Fodale v. Waste Mgmt. of Mich., Inc.*, 271 Mich. App. 11, 26 (2006)).

Here, there is a valid, express contract between the Parties governing this dispute. Plaintiff is prevailing on its breach-of-contract claim. Therefore, the Court need not—and cannot—imply the existence of a contract between the same parties concerning the same subject matter to prevent unjust enrichment. *See P.R.A. Co. v. Arglass Yamamura SE, LLC*, 768 F. Supp. 3d 862, 872 (E.D. Mich. 2024) ("It is well-settled that . . . unjust enrichment claims cannot lie in the presence of a valid contract between the same parties governing the same subject

matter." (internal citations omitted)); *Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App. 187, 194–95 (similar).

Accordingly, Plaintiff's motion for partial judgment on the pleadings on its unjust enrichment claim is denied.

## IV. Conclusion

For the reasons set forth above, Plaintiff's motion for partial judgment on the pleadings (ECF No. 9) is GRANTED IN PART AND DENIED IN PART. Plaintiff's motion for partial judgment on the breach-of-contract claim is GRANTED. Plaintiff's motion for partial judgment on the unjust enrichment claim is DENIED. Judgment is entered in favor of Plaintiff regarding Plaintiff's breach-of-contract claim.

Plaintiff's statutory conversion claim against Defendant remains. Because this opinion and order does not close the case, the Court declines to enter an order regarding Plaintiff's request for attorney fees, costs, and other damages.

IT IS SO ORDERED.

Dated: November 10, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 10, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager